Filed 4/8/14  P. v. Perry CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC LEE PERRY,<br><br>    Defendant and Appellant. | A136732<br><br><br>(Alameda County<br>Super. Ct. No. 161564) |

Appellant Eric Lee Perry was convicted, after a jury trial, of first degree murder (Pen. Code, § 187, subd. (a)) and two counts of attempted second degree robbery (*id.*, §§ 211, 212.5, subd. (c), 664).  Appellant's sole contention on appeal is the trial court erred by excluding evidence that a third party was culpable for the charged crimes.  We reject this contention and affirm.

## I.    BACKGROUND

A.    *Evidence Presented at Trial*

On the evening of August 20, 2007, Ronald Spears, Jr., was celebrating his birthday with Tara Rother and Angelina Richmond.  Spears drove the group to Oakland in his silver Dodge car, with Rother in the front passenger seat and Richmond in back.

They got lost on the surface streets of Oakland and pulled into a gas station to ask for directions.  They saw a stranger—identified by Rother as appellant—standing between the cashier's window and the gas pumps.  Spears asked appellant for directions. Appellant indicated a direction and asked for a ride because he was going the same way. Spears agreed and appellant got in the back, right passenger seat.

1

Appellant then produced a gun, pointed it at Spears's head and said, "Break yourself."  Spears gave appellant cash, and appellant demanded Spears also give him a long chain around his neck.  As Spears was handing appellant the chain, it dropped to the floor.  Spears and appellant began to fight over the gun, with appellant pulling Spears into the back seat.  The two men exited the car and Spears began to run.  Appellant shot Spears and then ran away.  Spears died from the gunshot wound.

Rother unequivocally identified appellant at trial.  Rother admitted she had been drinking and had taken ecstasy that night, and there was conflicting evidence as to the quantity of alcohol and drugs she consumed.  However, Rother testified she did not feel impaired, and police officers who responded after the shooting testified she did not seem intoxicated or impaired.  Richmond could not identify the shooter.

The gas station cashier testified appellant, a regular customer, bought Newport cigarettes and a "Swisher" brand cigar less than five minutes before the shooting.  Rother saw a Swisher cigar tucked behind appellant's ear before he got into Spears's car.  After the shooting, a pack of Newport cigarettes and a cigar were found in Spears's car on the floor of the back, right passenger seat.  Fingerprints taken from these items were identified as appellant's.

After the shooting, Spears's chain was not found in his car or at the scene.  The chain had a distinctive clasp and was constructed by connecting a necklace and bracelet.  About 11 months after the shooting, a chain was found in appellant's possession.  Both Rother and Spears's ex-girlfriend identified the chain found in appellant's possession as Spears's.  It also matched a chain visible in several photographs of Spears.

B.      *Proffered Third Party Culpability Evidence*

Prior to trial, appellant sought to introduce evidence of the culpability of a third party, Kevin Duarte, for the charged crimes.  For the purposes of the pretrial motion, the parties agreed to a stipulated statement of facts as follows.

Approximately two weeks after the charged crimes, Duarte approached Tony Simon as he sat in his car at a gas station in Oakland.  Duarte fired multiple gunshots at Simon, including shots as Simon attempted to drive away.  Simon died from the gunshot

2

wounds. The shooting took place about 1:00 a.m. at a gas station roughly one mile from where Spears was shot. Duarte and Simon knew each other prior to the shooting. Duarte had been shot some months earlier and believed Simon was involved in the attack. In addition, about an hour before the shooting, Duarte and Simon, a known drug dealer, had a confrontation regarding drug sales. After his arrest, Duarte confessed to the shooting.

Duarte matched the general description of the suspect in Spears's shooting: a young African-American male, light skinned, short dreadlocks, about 5 feet 9 inches tall, and a medium build. Both Rother and Richmond were shown photographs of Duarte in lineups; neither identified him as the shooter.

When questioned by police about the Spears shooting, Duarte denied any involvement. He lived very close to the gas station and stated he was nearby when the shooting took place, and soon thereafter asked the gas station cashier what had happened. The gas station cashier corroborated this account.

Duarte was familiar with the Spears shooting. Spears was Duarte's friend's wife's cousin, and one of the women accompanying Spears that night knew a friend of Duarte's. Duarte had heard it was Spears's birthday and that he was driving a silver Dodge. Duarte had also heard the woman who knew his friend had been shown a picture of Duarte in a lineup but had not identified him. No fingerprint or ballistics evidence linked Duarte to the Spears shooting.

The trial court denied appellant's motion to introduce this evidence pursuant to Evidence Code section 352, finding "any probative value would be substantially outweighed by its prejudicial effect."

## II.  DISCUSSION

"In general, third party culpability evidence is admissible if it 'rais[es] a reasonable doubt of defendant's guilt.' [Citation.] This does not mean, however, that no reasonable limits apply. Evidence that another person had 'motive or opportunity' to commit the charged crime, or had some 'remote' connection to the victim or crime scene, is not sufficient to raise the requisite reasonable doubt. [Citation.]" (*People v. DePriest* (2007) 42 Cal.4th 1, 43.)  " '[T]o be admissible, evidence of the culpability of a third

3

party offered by a defendant to demonstrate that a reasonable doubt exists concerning his or her guilt . . . must link the third person either directly or circumstantially to the actual perpetration of the crime. In assessing an offer of proof relating to such evidence, the court must decide whether the evidence could raise a reasonable doubt as to defendant's guilt and whether it is substantially more prejudicial than probative under Evidence Code section 352.' [Citations.]" (*People v. Elliott* (2012) 53 Cal.4th 535, 580 (*Elliott*).) "A trial court's ruling excluding third party culpability evidence is reviewed for abuse of discretion. [Citation.]" (*Id.* at p. 581.)

The trial court properly excluded the evidence of the Simon shooting. "Evidence of a third party's prior crimes is inadmissible to establish the third party's criminal propensity. [Citations.] For evidence of an uncharged offense to be admissible to establish the third party's identity as the perpetrator of the charged crimes, ' "[t]he pattern and characteristics of the crimes must be so unusual and distinctive as to be like a signature." ' [Citations.]" (*Elliott, supra,* 53 Cal.4th at pp. 580-581.)[1] The two shootings shared certain characteristics: both took place in the early morning hours at nearby Oakland gas stations; both involved handguns; both victims were in their cars when the shooter initially approached and were shot as they tried to escape. However, these similarities are not " ' "so unusual and distinctive as to be like a signature." ' " (*Id.* at p. 581; see also *ibid.* [robberies of armored truck guards at businesses immediately after cash pickups, "whether considered separately or together, [were] not so unusual and distinctive as to be like a signature"].) Indeed, the differences are far more significant: Spears did not know his shooter, whom he approached only to ask for directions. In contrast, Duarte and Simon had a months-long history involving at least two disputes, one of which took place only an hour before the shooting. Exclusion of this evidence was proper.

---

[1]     Appellant urges us to reject this standard for the admissibility of other crimes evidence to show third party culpability, arguing it is inconsistent with *Holmes v. South Carolina* (2006) 547 U.S. 319. We are bound by *Elliott*'s statement of the standard. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Appellant contends the remaining evidence—that Duarte fit the general physical description of the suspect, was present at the gas station shortly after the shooting, and knew certain details about the shooting—circumstantially link Duarte to the charged crimes. The link is a tenuous one. The physical description Duarte matched is not particularly unusual and no witness identified Duarte as the shooter. Duarte lived near the gas station and his conduct—approaching the gas station cashier shortly after the shooting to ask what had happened—is consistent with a lack of involvement in the shooting. Details of the shooting were likely known by Duarte's friends who had connections to Spears and one of the passengers. Introduction of this marginally relevant evidence would cause delay and risk confusing the jurors. It was not an abuse of discretion to exclude this evidence under Evidence Code section 352.

Even if the evidence had been improperly excluded, we would find any error harmless. Most significantly, appellant's fingerprints were found on a pack of Newport cigarettes and a cigar left in Spears's car, on the floor where the shooter sat. The gas station cashier sold appellant Newport cigarettes and a cigar five minutes before the shooting, and Rother saw a cigar behind appellant's ear before he entered Spears's car. In addition, Rother unequivocally identified appellant as the shooter. Finally, Spears's distinctive necklace was found in appellant's possession. In light of this evidence incriminating appellant, it is not reasonably probable a more favorable outcome would have occurred absent any error in the admission of the excluded evidence. (*People v. Hall* (1986) 41 Cal.3d 826, 836 [reviewing error in excluding third party culpability evidence under standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836–837].)[2]

### III.    DISPOSITION

The judgment is affirmed.

---

[2]    Appellant contends any error violated his federal constitutional right to present a complete defense and therefore should be reviewed under the standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 24. We disagree, as "the exclusion of weak and speculative evidence of third party culpability does not infringe on a defendant's [federal] constitutional rights [to present a defense]." (*People v. Gonzales* (2012) 54 Cal.4th 1234, 1261.)

5

                                                        _____
                                                        SIMONS, Acting P.J.

We concur.


_____
NEEDHAM, J.


_____
BRUINIERS, J.